IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASH TRUCKING COMPANY, INC., ) | |
| ) | |
| Appellant, ) | |
| ) | |
| vs. ) | Civil Action No. 07-1443 |
| ) | |
| GLOBAL INDUSTRIAL TECHNOLOGIES, ) | |
| INC., et al., ) | |
| ) | |
| Appellees. | |

AMBROSE, Chief District Judge

**MEMORANDUM OPINION
and
ORDER OF COURT**

**SYNOPSIS**

Pending is a Motion to Dismiss for failure to prosecute filed by Appellees, Global Industrial Technologies, Inc. and Harbison-Walker Refractories Company. (Docket No. 4). Appellant, Ash Trucking Company, Inc., filed a Response and a Supplemental Response. (Docket Nos. 7 and 8). Thereafter, Appellees were granted leave to filed a Reply Brief. (Docket No. 13). Based on my opinion set forth below, Appellees' Motion (Docket No. 4) is granted.

**OPINION
AND
ORDER OF COURT**

**I.     Background**

Appellant, Ash Trucking Company, Inc., filed claims in a bankruptcy action filed by Harbison-Walker Refractories Company ("Harbison") and its parent, Global Industrial Technologies, Inc. ("Global") (collectively referred to as "Appellees"), relating to equipment sold by Debtors to Ash Trucking. Debtors filed objections to the claims based on the statute of limitations. Ash Trucking responded to the objections. On November 2, 2005, the Bankruptcy Court issued a Memorandum

Opinion and Order ("the November 2, 2005, Order") sustaining the objections and disallowed the claims filed by Ash Trucking as time barred. (Docket No. 1-9). The November 2, 2005, Order was e-filed[1] and mailed to counsel of record. *Id.*

On November 16, 2005, Ash Trucking filed a Motion to Set Aside Order requesting the Bankruptcy Court set aside its order dated November 2, 2005.[2] (Docket No. 1-10). Ash Trucking sought this relief based on the statement that its counsel had not received notice of the November 2, 2005, Order in time to file a notice of appeal. *Id.* The Bankruptcy Court issued an Order on November 29, 2005, denying the Motion to Set Aside, stating in part as follows:

> There are no facts, declaration or affidavit to support the bald assertion that "copies of the Memorandum Opinion and Order were not timely received by counsel for Ash Trucking in order to file any Notice of Appeal." Moreover, the fact that Mr. Ezzell may no longer be located at his former firm (as counsel to Ash Trucking) was never previously communicated to the Court nor was a change of counsel or address filed. The docket and opinion both reflect that Mr. Ezzell was served by mail on November 2, 2005. The relief requested is not warranted.
>
> The Motion is **DENIED.**

(Docket No. 1-13). Ash Trucking filed a notice of appeal of the November 29, 2005, Order. (Docket No. 1-14).

I vacated the November 29, 2005, Order, not on the merits, but merely because the Bankruptcy Court did not order a response to the Motion or hold a hearing so as to perform an analysis under *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership,* 507 U.S. 380 (1993). (Docket No. 1-18). On remand, the Bankruptcy Court performed an analysis under *Pioneer,* and on September 21, 2007, found that Appellant failed to establish excusable neglect

---

[1] The bankruptcy docket indicates that the November 2, 2005, Order was not entered on the record until November 4, 2005.

[2] The bankruptcy docket indicates that the Motion was not e-filed until November 21, 2005.

for failure to timely file an appeal. (Docket No. 1-19). In particular, the Bankruptcy Court noted that "Mr. Getty has always been identified as counsel for Ash Trucking and was, and continues to be, served with all notices pertaining to his client." (Docket No. 1-19, p. 5). "We also notice that the law firm with which Mr. Getty is associated changed its name more than once during the course of the litigation over Ash Trucking's claim but the address did <u>not</u> change and in every name change Mr. Getty's name is listed first." *Id.* (emphasis in original, footnotes omitted). "[L]ack of notice of entry of an order 'does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed....'" *Id.* at p. 9, *quoting* Fed. R. Bank. P. 9002(a). "One thing he could have done, but did not do, was to monitor the docket. It is counsel's responsibility to monitor the docket. *See, e.g. In re Barbel,* 212 Fed.Appx. 87, 89 (3d Cir. 2006); *In re Taylor*, 217 B.R. 465, 469 (Bankr. E.D. Pa. 1998)." *Id.*

Appellant filed its Notice of Appeal of the September 21, 2007, Order in the bankruptcy court on September 28, 2007. *See,* Docket No. 1. Pursuant to Rule 8006, a Statement of Issues to be Presented is due within ten (10) days of filing a Notice of Appeal. Fed. R. Bank. P. 8006. To date, Appellant has never filed a Statement of Issues on Appeal nor has it filed a request for an extension of time to file it late. It has, however, attached a proposed Statement of Issues to be Presented to its Response to the Motion to Dismiss. *See,* Docket No. 7-4 (Exhibit C).

A Letter of Transmission to the District Court filed on the bankruptcy docket was sent on October 24, 2007. (Docket No. 1-27).

The Notice of Appeal was entered on the docket in this Court on October 25, 2007. *Id.* At that time, Appellant's counsel was registered with the Court for purposes of receiving notices of electronic filings as rgetty@gettylawgroup.com and ebrann@gettylawgroup.com. *See,* Exhibit 1. Appellant's counsel was notified of the docketing of the Notice of Appeal by a notice of electronic filing ("NEF") on October 25, 2007, at 9:35 a.m. *See,* Exhibit 1. Therein, Appellant's counsel was

informed that the "briefing will be due in accordance with Bankruptcy Rule 8009[3]...Appellant Brief due by 11/9/07." (Docket No. 1). As of this date, no appellate brief has been filed by Appellant, and Appellant has never filed a request for an extension of time to file its brief late. *See,* Docket.

Also on October 25, 2007, Appellant was notified by a NEF that a disclosure statement was due by November 5, 2007. *See,* Exhibit 2. Appellant did not file its disclosure statement until December 3, 2007. (Docket No. 3). On December 3, 2007, Appellant also updated his account to change his e-mail address to rgetty@gettychilders.com. *See,* Exhibit 3.

On December 7, 2007, Appellees filed a Motion to Dismiss the Appeal for Failure to Prosecute. (Docket No. 5). The issues has been fully briefed and the case is ripe for review.

## II.     Discussion

Appellee argues that the appeal in this case should be dismissed since Appellant has never filed its Statement of Issues on Appeal nor its appellate brief. (Docket No. 4). Pursuant to Rule 8006, a Statement of Issues to be Presented is due within ten (10) days of filing a Notice of Appeal. Fed. R. Bank. P. 8006. In this case, Appellant had until October 5, 2007, to file its Statement of Issues to be Presented. Pursuant to Rule 8009(a)(1), Appellant has fifteen (15) after the entry of the appeal on the docket to file its appellate brief, and in this case that was until November 9, 2007.

Under Rule 8001(a) of the Bankruptcy Rules a court may dismiss an appeal for failure to comply with Rule 8009:

---

[3]Bankruptcy Rule 8009 provides, in pertinent part, as follows:

(a)     Briefs

Unless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits:

(1)     The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007.

Federal Rules of Bankruptcy Procedure, Rule 8009(a).

4

> An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.

Rule 41(b) of the Federal Rules of Civil Procedure, similarly, provides as follows:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.

Further, as acknowledged by both sides, I have, within my discretion, the "inherent power" to dismiss an action for failure to prosecute. (Docket No. 7, p. 5; Docket No. 5, p. 4); *See, Chambers v. NASCO, Inc.,* 501 U.S. 32, 44 (1991), *citing Link v. Wabash R. Co.,* 370 U.S. 626, 630-31 (1962). Thus, district courts have the discretion to dismiss an appeal for an appellant's failure to timely file a Statement of Issues to be Presented and its appellate brief. *See, Jewelcor Inc., v. Asia Commercial Co., Ltd.,* 11 F.3d 394, 397 (3d Cir. 1993); *International Brotherhood of Teamsters v. Braniff Airways, Inc.,* 774 F.2d 1303 (5th Cir. 1985); *In Re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992); *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994).

In opposition, Appellant argues that the appeal should not be dismissed for two "excusable" reasons: 1) counsel intended to file its Statement of Issues on Appeal with its Designation of Record, "but sheer electronic inadvertence apparently caused that document not to be included with the filing," and 2) counsel "never received notice from the Clerk of the District Court stating the date of docketing of the appeal." (Docket No. 7, p. 2). After a review of Appellant's brief and supporting documents, I find Appellant's arguments to be disingenuous at best. With regard to the Statement of Issues on Appeal, Appellant argues that the document was not filed due to "sheer electronic inadvertence." (Docket No. 7, p. 2). I am not sure what "sheer electronic inadvertence" even means. Counsel has the responsibility to ensure that he has filed what he thought he filed. Clearly, it is not due to any computer inadvertence, but rather the lack of diligence and responsibility of counsel to monitor the docket and make sure he has filed that which he "intended"

5

to file. Blaming the failure to file on the computer or an electronic system further shows a lack of willingness to accept responsibility for counsel's error.

With respect to Appellant's brief, I find counsel's statement that he "never received notice from the Clerk of the District Court stating the date of docketing of the appeal" not to be credible. First, there would be no case number assignment and no docket for this case if the notice of appeal was not docketed. Second, there is no doubt that docket number 1 is the entry of the notice of the appeal. (Docket No. 1). Additionally, the date for the Appellant's brief is set forth twice within the first docket entry: once as due in accordance with Bankruptcy Rule 8009 and a second time spelled out with a date certain of November 9, 2007.

Further, there can be no doubt that notice of this entry was sent to Appellant's counsel via e-mail. *See,* Exhibit 1, the NEF of Docket No. 1. The NEF states that Docket No. 1 was sent to rgetty@gettylawgroup.com and to ebrann@gettylawgroup.com – The e-mails on file for Appellant's counsel at that time.[4] Thus, this case is completely distinguishable from *Jewelcor Inc.,* since there was an issue in *Jewelcor* as to whether counsel got notice from the clerk of the district court. *See, Jewelcor Inc., supra.*

Moreover, after having received the Letter of Transmission from the Bankruptcy Court (which Appellant does not claim it did not receive), Appellant's counsel should have been on notice

---

[4]Appellant's counsel does not argue that it changed its e-mail address and that is why they did not receive the NEF. I note, however, on 12/3/07, Appellant's counsel changed his e-mail address that was on file with the court to rgetty@gettychilders.com. *See,* Exhibit 3. If the e-mail address was incorrect, then it was the responsibility of counsel to inform the court and to update the address on-line. *See,* Local Rule 5.5 ("Transmission of the Notice of Electronic Filing constitutes service of the filed document upon each party in the case who is registered as a Filing User."); *see also,* ECF Policies and Procedures for the U.S. District Court for the W.D.Pa. Rule 3 ("Once registered, a Filing User shall be responsible for maintaining his/her account, including, but not limited to change of address, firm, phone number, credit card information, e-mail notification address, etc."; *see also*, Attorney Handbook for the U.S. District Court for the W.D. Pa. under "General Procedures" Rule A.4.a. ("Any time an attorney changes his or her address, he/she must file a notice of the change in each case they appear. This notice can be filed electronically. Counsel must update their email information in the CM/ECF system."

that the docketing of the appeal in the district court was imminent. Given the very narrow time frame for filing appellate briefs, counsel had the responsibility to monitor the docket to see if the appeal had been entered on the docket. Yet, if I am to believe the statements of counsel, he did not even attempt to look at the docket or call the court until November 26, 2007, a full month after the Letter of Transmission was sent, and two weeks after the brief was due.

Furthermore, I am disturbed by counsel's repeated attempts to place blame on everyone and everything but themselves. It is not the responsibility of a clerk in the Clerk's Office to determine the status of an appeal. Rather, counsel for Appellant should have been able to read the unambiguous docket and discern the information for themselves. Counsel's "confusion" is not an acceptable excuse. Frankly, I find it inexcusable neglect on the part of counsel.

Prior to dismissing the case, however, I must examine the following factors:

1. The extent of the party's personal responsibility;

2. The prejudice to the adversary caused by the failure;

3. A history of dilatoriness;

4. Whether the conduct of the party or the attorney was willful or in bad faith;

5. The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

6. The meritoriousness of the claim or defense.

*Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). "Although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice." *Alford v. Hunter*, 2007 WL 1449808, *2 (W.D.Pa., May 16, 2007), *citing*, *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912 (3d Cir.1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim).

Under the first factor, as set forth above, I find that the responsibility for failing to file a

7

Statement of Issues to be Presented and for failing to file its appellant brief lies squarely with Appellant's counsel and not with Appellant.

Under the second factor, I find that counsel's inexcusable conduct has prejudiced Appellees by requiring them to file this motion and by unreasonably delaying the prosecution of this case by now over three months.

Under the third factor, I find that Appellant's counsel has a repeated history of dilatory filings both in this Court and in the Bankruptcy Court. In fact, as set forth in the background section above, dilatory filings is the basis for the initial dismissal and the order denying the Motion for Reconsideration in the Bankruptcy Court. "Time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court." *Poulis,* 747, F.2d at 686. In this case, there is a complete lack of respect for the time limits as set by the court, the time of parties and counsel in the case, and the time of the court. To this date, Appellant still has not filed its brief. This is intolerable and inexcusable.

With regard to the fourth factor, I find that Appellant's counsel's complete lack of respect for the time limits, his failure to monitor the docket, his failure to follow the rules, and his consistent dilatoriness evidence willfulness on the part of counsel.

With regard to the fifth factor, I find that there is no other appropriate sanction for the failure to prosecute a case in this manner, nor does Appellant's counsel offer any. *See,* Docket No. 7

Finally, with regard to the sixth factor, I find that based on the record, Appellant's appeal of orders of dismissal (which are based on untimeliness), is not likely to be successful given the abuse of discretion standard.

In balancing all of the factors, I find that dismissal is warranted. Consequently, Appellee's Motion to Dismiss for Failure to Prosecute (Docket No. 4) is granted.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASH TRUCKING COMPANY, INC., )<br>)<br>Appellant, )<br>)<br>vs. )<br>)<br>GLOBAL INDUSTRIAL TECHNOLOGIES, )<br>INC., et al., )<br>)<br>Appellees. | Civil Action No. 07-1443 |

AMBROSE, Chief District Judge

## **ORDER OF COURT**

AND NOW, this 14th day of February, 2008, after careful consideration Appellees' Motion to Dismiss for Failure to Prosecute (Docket No. 4) and the related submissions and for the reasons set forth in the accompanying Opinion it is ordered that said Motion (Docket No. 4) is granted and the instant appeal is dismissed with prejudice.

It is further ordered that judgment is entered for Appellees and against Appellant.

The case shall be marked "CLOSED."

BY THE COURT:

/s/ Donetta W. Ambrose
  Donetta W. Ambrose,
  Chief U.S. District Judge